Thacher, J.,
was of opinion that the plaintiff, in this case, was entitled, for his costs, to no more than one quarter part of the damages recovered.
Sewall, J.
The question whether full costs shall be allowed in this, and in other similar cases, must depend upon the construction that may be given to the act passed Feb. 28th, 1795. (Stat. 1794, c. 65 ) If, by the words or necessary import of this statute, the legislature have expressly or virtually repealed their prior statutes on the subject of costs, there can be no doubt that the motion of the plaintiff ought to prevail.
By an act passed March 11th, 1784, (stat. 1783, c. 42,) describing the power of justices of the peace in civil actions, a justice of the peace has jurisdiction in all manner of debts, &c. not exceeding the value of £4, &c. And by the 8th sect, of the same act, it is provided “ that no action shall be sustained in any court of common pleas, where the damages demanded shall not exceed the sum of £4, unless by an appeal from a justice of the peace, saving such actions wherein the title to real estate may be concerned; and if upon any * action originally brought before the [ * 19 ] Court of Common Pleas, judgment shall be recovered for no more that £4, debt or damage, in all such cases the plaintiff shall be entitled, for his costs, to no more than one quarter part of the amount of the debt or damage so recovered.”
By an act afterwards made (1784, Oct. 30th,) (stat. 1784, c. 28,) prescribing the forms of writs in civil causes, and the mode of proceeding therein, it is provided, sect. 9, “ that in all actions, as well those of qui tarn as others, the party prevailing shall be entitled to his legal costs against the other.”
The plaintiff, in this motion, relies upon the words, or rather the provision, of the statute first cited, whereby permission is given to any person, entitled to any personal action (excepting, &c.) against any other, &c., to bring such action in the form there prescribed-which is, of a writ.returnable to the Court of Common Pleas.
The question before us must be determined by comparing these several statutory provisions respecting the jurisdiction and commencement of actions, and the costs to be allowed therein ; and from *16 thence we must collect, as nearly as may be, the general intent of the legislature on this subject.
The statute, earliest in date, respecting the power of justices of the peace, has given them the exclusive jurisdiction of all demands for debts not exceeding £4. To an action of that nature com menced in the Court of Common Pleas, where the damages alleged should be to a less amount than £4, the defendant might plead by a denial of the jurisdiction of the Court, and he must be thereupon discharged; and though when a greater amount is alleged, a less amount than £4 may be recovered in the Common Pleas, and by this event the jurisdiction will not be avoided, yet the [ * 20 ] penalty upon the plaintiff, who has thus commenced * his action, is established with the same general purpose, that of securing to the jurisdiction of justices of the peace the small actions to which their power is extended by the act.
The statute, next in the order of time, which gives to the pre vailing party legal costs, has neveiybeen construed to vary the esti mate or taxation ; for though by the legal costs is generally to be understood costs taxed according to the fee-bill., yet the construction has always been conformable to the restraint enacted in the act describing the power of justices of the peace ; and in the cases there mentioned, the legal costs are only one quarter part of the amount of the damages recovered.
The statute giving the trustee-process, as it is called, contains no words which directly affect the jurisdiction of justices of the peace, or extend the jurisdiction of the Common Pleas ; if the preceding statutes on these subjects are in any measure repealed or varied, by the general terms in which this particular remedy is granted, it must be by implication. An implication that should have this effect, ought, in ordinary cases, to be necessary and unavoidable. And in this case, considering the manifest inconveniences of a construction that should extend this extraordinary and expensive remedy to small demands, the implication ought not to be admitted, if any other construction may be fairly applied. And in my opinion the last statute may be construed in a sense consistent with the provisions which have been cited from the statute respecting the power of justices of the peace. The legislature may be understood to intend, that writs returnable in the Court of Common Pleas, when the purpose of the last statute, a foreign attachment, shall be desired, shall have the form there prescribed. And this construction is the more probable, as it is in prescribing the mode of process [ * 21 ] that the limitation to the Common Pleas *is expressed ; and because the statute does not establish any new form of action, but only a new mode of attachment, by which subsisting *17 remedies may be rendered more effectual in certain cases ; and this, having been done without any direct reference to the several jurisdictions before established and prescribed, ought not to be construed as allowing the same in a manner manifestly inconvenient,, and to a purpose, in itself, of very little importance.—11 Co. 63, 64.
Sedgwick, J.,
after stating the facts in the case, and the question before the Court, went on to observe, that this action was brought on the statute passed on the 28th Feb. 1795, (stat. 1794, c. 65,) to enable creditors to receive their just demands out of the goods, effects and credits of their debtors, when the same cannot be attached by the ordinary process of law ; by the 13th sect, of which, the former act on this subject was repealed.
He said that by this act there was not any provision for costs, and that if the plaintiff was entitled to any costs, it was by virtue of the act passed Oct. 30th, 1784, (stat. 1784, c. 28,) the 9th sect, of which provides “ that when any plaintiff shall in any stage of his action become nonsuit or discontinue his suit, the defendant shall recover his costs against him—and that in all actions, as well of qui tarn, as others, the party prevailing shall be entitled to his legal costs against the other.”
He said that in his opinion this sect, of the act last mentioned was not only retrospective, operating on the subjects of it which then existed, but prospective also, operating equally on its proper subjects; and therefore providing for costs which should accrue in actions on the trustee-act; and that this, as he believed, had been at all times the construction of it.
He then read the eighth section of the act of March 11th, 1784, (stat. 1783, c. 42,) above mentioned, and observed * that all the reasons which gave to the act providing for [ * 22 ] taxing any costs, an operation extending it to actions on the trustee-act, made afterwards, applied with equal force to extend the prospective operation of the act in restraint of costs, as a measure of the same costs.
He then said that the mischiefs which would result frcm this construction, were in his opinion incomparably less than those which would result in consequence of the construction contended for by the counsel on the part of the plaintiff; who supposed that in all cases under this act where a plaintiff prevailed, he was bylaw entitled to full costs; the consequence of which would be, that in every case where one person had the most trifling demand, by contract, against another, and that other had a debtor within the reach of process, both might be called in, and the defendant made chargeable with all the costs. And even in all cases, where the *18 defendant could be summoned, the same proceedings might be had by only supposing a trustee, and, whether he did or did not discharge himself on coming into Court and answering on interrogatories, the same consequence would ensue; except only that the defendant would not be charged with that part of the costs which would be occasioned by calling in a supposed trustee. The statute makes no distinction whether the trustee, on his answer, be holden or discharged. A construction involving such monstrous consequences ought not to be admitted, unless the words of the statute oblige the Court to the admission—this, he said, was in his opinion far from being the case ; and therefore that the plaintiff was entitled, for his costs, to one quarter the amount of his damages, and no more.
Strong, J.,
declared himself of the same opinion," and for the reasons assigned by Sedgwick and Sewall, justices.